UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:07-CR-411 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 37] |
| DAMON B. DERRICOATTE, | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Damon Derricoatte ("Derricoatte") moves this Court for a bond pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). [Doc. 37.] For the following reasons, this Court **DENIES** Defendant's motion.

I. Background

On July 31, 2007, Defendant Derricoatte was indicted for aiding and abetting possession with intent to distribute cocaine and possession with intent to distribute cocaine base. [Doc. 1.] On August 6, 2007, Magistrate Judge Kenneth McHargh ordered that Defendant be detained pending trial. [Doc. 17.] The Magistrate found that there was a serious risk that Defendant would not appear for trial and posed a threat to the safety of others. *Id.* On August 30, 2007, Defendant Derricoatte pled guilty to both counts of the indictment. [Doc. 36.] Defendant is currently in custody pending sentencing, which is scheduled for November 14, 2007. [Doc. 33.]

Defendant Derricoate has filed this instant motion asking the Court to release him on bond pending sentencing. Defendant argues that he should be released on bond because he is not a flight risk and poses no danger to the community. This Court disagrees.

II. Discussion

Case No. 1:07-CR-411
Gwin, J.

Defense counsel argues that the Court may release Defendant on bond pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). § 3143(a)(1) provides:

> (a)(1) *Except as provided in paragraph (2)*, the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

*Id.* (emphasis added).

Defendant, therefore, argues that the Court can release Defendant from detention if it finds by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community. . ." *Id.* Defendant, however, applies the wrong section of the Bail Reform Act to the instant case. § 3143(a)(1) begins with the caution, "Except as provided in paragraph (2). . ." *Id.* Paragraph (2) of § 3143(a) governs the release from detention of defendants convicted under the Controlled Substances Act. That section states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Defendant Derricoate pled guilty to two counts under the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, which are offenses for which the maximum term of imprisonment exceeds ten years. [Doc. 36.] Therefore, he has been found guilty of an offense described in § 3142(f)(1)(C) and is subject to the standard presented in 18 U.S.C. § 3143(a)(2).

Based on the above analysis, Defendant Derricoate must "be detained" unless: (1) he

Case No. 1:07-CR-411
Gwin, J.

convinces the court that there is a significant probability that a new trial or motion for acquittal will be granted or the Government has recommended no sentence of imprisonment, and (2) he demonstrates by clear and convincing evidence that he does not present a flight risk or danger to others. 18 U.S.C. § 3143(a)(2).

Defendant Derricoatte has made no argument that there is a "substantial likelihood" that the Court will grant a motion for acquittal or order a new trial in his case. Defendant Derricoate pled guilty to the two counts alleged in the indictment only a week before filing this instant motion, and the Court finds that no grounds exist that would disturb the plea agreement. No evidence has been presented that would result in the granting of a motion for acquittal or new trial. Furthermore, in the Defendant's plea agreement, the Government has recommended that a sentence of imprisonment be imposed. [Doc. 36.] Defendant's motion, therefore, fails under 18 U.S.C. § 3143(a)(2)(A).

Even if the Defendant met his burden under the above standard, the Court finds that Defendant poses both a risk of flight and danger to the community. The Court acknowledges that Defendant Derricoatte has well-established ties to the local community and maintains close relationships with his family. Defendant argues that these facts indicate that he would not abscond from the jurisdiction of this Court pending sentencing. However, Defendant's criminal history suggests otherwise. On August 6, 2007, Magistrate McHargh ordered that Defendant be detained pending trial. [Doc. 17.] The Magistrate concluded that the testimony and information submitted at the detention hearing established by clear and convincing evidence the following:

    1) Evidence against the defendant is strong;
    2) Defendant had a significant amount of crack cocaine in his possession at the time of his arrest;
    3) Defendant was on a state bond for a drug trafficking offense at the time of his arrest in this

Case No. 1:07-CR-411
Gwin, J.

> offense;
> 4) Defendant has a pending case for domestic violence at the time of his arrest in this case;
> 5) Defendant has an ongoing history of drug trafficking and possession;
> 6) Defendant's residence is inconsistent with regard to his current address;
> 7) Defendant is unemployed; and
> 8) Defendant attempted to flee through a window at the time of his arrest for this offense.

[Doc. 17.]

The Court concludes that Defendant Derricoatte presents a risk of flight and danger to the community. Defendant was out on state bond for a drug trafficking offense when he was arrested in this case, and he attempted to escape during his arrest. He has a history of drug abuse and trafficking, including several other felony drug convictions since 2003, and there is no evidence that Defendant would refrain from using or selling drugs pending sentencing in the instant case. This Court is sympathetic to the issues presented by Defendant's friends and family and understands that Defendant's incarceration creates hardship for them, but the Court does not believe these concerns present exceptional reasons compelling Defendant's release. The Court finds it likely that Defendant would pose a risk of danger to others if he were released on bond because of his ongoing illegal drug activity, pending domestic violence case, and unemployment status.

## IV. Conclusion

For the above reasons, the Court **DENIES** Defendant's motion for bond pending sentencing.

IT IS SO ORDERED.


Dated: October 3, 2007                s/    *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE